Re Morales & Co.

# IN THE MATTER OF R. FERNANDEZ MORALES & COMPANY AND R. FERNANDEZ MORALES, Bankrupts.

San Juan, Bankruptcy, No. 321.

### PRACTICE IN PORTO RICO.

District of Porto Rico—No Division by Law.

1. Congress has never made any geographical division of this Island which controls the sittings of this court; and therefore this court may direct that any cause shall be tried either at San Juan, Ponce, or Mayaguez, the three cities named in the Organic Act defining the powers and duties of this court.

District of Porto Rico—Bankruptcy—Hearings According to Convenience.

2. Where in a bankruptcy proceeding there are seventy creditors in different towns in the Island of Porto Rico, this court in arranging for the hearing of such matters should be guided by the convenience of the parties and of the court itself.

Bankruptcy—Some Claims Heard by Court—Some by Referee.

3. Where the claims of certain creditors may be heard with less expense at San Juan than elsewhere in a bankruptcy proceeding, this court has power to direct that the hearing respecting such claims be had before the judge himself sitting at San Juan; and with respect to the claims of other creditors in the case it is competent for this court to direct that they shall be heard before the referee at Mayaguez.

Opinion filed December 22, 1921.

*Mr. Hugh R. Francis* for trustee in bankruptcy.

*Mr. J. Valldejuli Rodriguez* for bankrupts.

Re Morales & Co.

ODLIN, Judge, delivered the following opinion:

In this case a motion was filed by the attorney for the trustee, asking for the transfer of this case from Mayaguez to San Juan, which motion is supported by an affidavit to the effect that there are seventy creditors of the bankrupt, nineteen of whom reside at San Juan, fifteen at Mayaguez, six at Ponce, two at Arecibo, two at Guayama, two at Ciales, two unknown, and twenty-two in the United States; it is further alleged in said motion that a majority of the creditors live in San Juan or nearer to San Juan than those who live in or near Mayaguez; that in order for the proper administration of the affairs of the bankrupt, the trustee must recover preferences alleged to have been made by the bankrupt to two parties in San Juan and to one party at Arecibo; that the trustee also must make investigations in regard to alleged unlawful payments made by the bankrupt to two parties residing at Ciales; and that burdensome and great expense would be incurred by the trustee and by his attorney, both of whom reside at San Juan, if all these examinations and proceedings were to be had at Mayaguez; and the motion concludes by stating that the trustee and his attorney have complete confidence in Mr. Benjamin J. Horton, the referee at Mayaguez, before whom this matter is now pending, and that this motion for transfer is presented purely for the purposes of saving expense.

In opposition to this motion the court has received a statement in writing signed by the attorney for the bankrupt, in which it is stated that the bankrupt himself resides in the town of Isabela, which is in the Mayaguez district; that a majority of the creditors reside outside of the city and district of San

Re Morales & Co.

Juan, being thirty-one in number, and that there are only fif-teen who reside at San Juan or within the district of San Juan; also that a majority in amount of the creditors live outside of the San Juan division and within the Mayaguez division; also that the parties to be investigated, if any investigation shall be required, live nearer Mayaguez than San Juan. It is alleged, furthermore, by the counsel for the bankrupt, that, if this case be not completed by the referee at Mayaguez, the expense will be increased instead of diminished, and that the inconvenience and loss to the estate as a whole will be greater if the motion be granted. It is also alleged that counsel for the bankrupt resides in the city of Aguadilla, which is much nearer Mayaguez than San Juan.

There has also been filed an affidavit signed by the bankrupt himself, containing substantially the same allegations as appear in the statement signed by the attorney for the bankrupt; and further allegations to the effect that creditors whose claims amount to over thirteen thousand dollars ($13,000) live out-side of San Juan and its district, and that the claims of the creditors who reside within San Juan and its district amount to less than nine thousand dollars ($9,000); it is also alleged that the referee at Mayaguez has nearly finished the investiga-tion of this case; that the bankrupt has already been examined three times at Mayaguez and his testimony taken in questions and answers, a stenographer being used; one examination in May of this year, one in June, and one in July.

The court is not at all impressed by the fact that the counsel for the bankrupt resides at Aguadilla and that counsel for the trustee resides at San Juan. These questions should not be determined upon the basis of the geographical location of coun-

Re Morales & Co.

sel. The only true guide for the court in passing upon a motion of this character is with respect to the ultimate benefit to the estate itself. The court should be guided in matters of this nature by endeavoring to ascertain whether the ultimate net proceeds of the estate would be increased or decreased by granting the motion.

The twenty-two creditors in the United States are equally distant from San Juan and Mayaguez; hence they may be disregarded for the purposes of this motion. With respect to the other forty-eight, the two at Guayama, the two at Ciales, and the nineteen at San Juan, making a total of twenty-three, are nearer San Juan, while the fifteen at Mayaguez and the six at Ponce, making a total of twenty-one, are nearer to Mayaguez. And with respect to the two at Arecibo, the court is of the opinion that it is equally convenient for them to come to San Juan or to go to Mayaguez.

Ciales being nearer San Juan than Mayaguez, the court decides that proceedings against the two parties living at Ciales shall be heard before the judge of this court himself at San Juan at such time as may be convenient to all parties interested, the date to be fixed hereafter. Likewise with respect to the alleged preferences given by the bankrupt to two parties in San Juan and one party in Arecibo. All the other matters in connection with the proceeding will remain in the hands of the referee at Mayaguez.

It is so ordered.